IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| FRANCESCA HEREDIA-CAINES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:19-cv-05815-JMG |
| | : | |
| LEHIGH VALLEY HOSPITAL, INC., | : | |
| Defendant. | : | |

_____

**MEMORANDUM OPINION**

I.     **Introduction**

This action arises from Plaintiff Heredia-Caines's allegations of discrimination when she was an employee for Defendant Lehigh Valley Hospital. On December 10, 2019, Plaintiff filed her Complaint against Lehigh Valley Hospital, alleging discrimination under Title VII (Count I), retaliation under Title VII (Count II), and discrimination under 42 U.S.C. § 1981.[1] See Compl., Doc. No. 1. On March 23, 2020, Defendant filed a motion to dismiss in part for failure to state a claim. See Def.'s Br., Doc. No. 11. On April 6, 2020, Plaintiff responded to Defendant's motion. See Pl.'s Br., Doc. No. 12. On April 13, 2020, Defendant filed its reply to Plaintiff's response. See Def.'s Reply Br., Doc. No. 15. The Court grants Defendant's motion in part and denies in part.

II.     **Factual Background**[2]

In February 2013, Plaintiff began working for Defendant as a customer service agent. Compl. ¶ 12. Throughout 2014 and 2015, Plaintiff alleges, a co-worker harassed her, and she

---

[1] Plaintiff's Complaint included co-defendant Lehigh Valley Health Network, Inc. On April 29, 2020, the parties stipulated to substitute Lehigh Valley Hospital as the sole defendant. Order, Doc. No. 16.

[2] At this step of litigation, the Court operates "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

reported the conduct to Defendant.  Compl. ¶ 14.  As a result of the alleged harassment, Plaintiff suffered from anxiety and panic attacks.  Compl. ¶ 15.  Plaintiff alleges Defendant issued her a negative performance review and stopped her salary review, allegedly in retaliation for reporting the harassment.  Compl. ¶ 16.

In November 2015, Plaintiff transferred to Defendant's billing department to alleviate the harassment.  Compl. ¶ 17.  In October 2016, Plaintiff took an FMLA leave, to which Defendant issued an "occurrence," allegedly as retaliation.  Compl. ¶ 18.

In September 2017, Plaintiff learned a newly hired Caucasian employee was paid more than her, and when she addressed this concern to one of Defendant's vice presidents, she learned she could be eligible for a raise if she passed a certification test.  Compl. ¶ 19.

During this period, Plaintiff alleges her supervisor singled out her and other Hispanic employees by yelling at them, accusing them of undocumented immigration, and admonishing their use of Spanish in the workplace.  Compl. ¶¶ 20-22.  In January 2018, Defendant denied Plaintiff's request to review her salary.  Compl. ¶ 23.  At the same time, Plaintiff alleges Defendant hired a less-qualified Caucasian candidate instead of her for a supervisory position.  Compl. ¶ 24.

In April 2018, Plaintiff sent a formal letter to one of Defendant's vice presidents, again reporting discrimination.  Compl. ¶ 25.  In response to the letter, Defendant held a meeting with Plaintiff and her supervisors in which they gave her a $2.00/hour raise.  Compl. ¶ 27.  Plaintiff alleges, during the meeting, Defendant admitted it did not hire Plaintiff for the supervisory position in retaliation for participating in a former co-worker's legal matter.  Compl. ¶ 28.

After the meeting, Plaintiff alleges her supervisors continued their harassment by accusing her of poor work quality without justification, denying her request to work weekends, interrupting her conversations with other Hispanic employees, and erroneously accusing her of mishandling a client bill.  Compl. ¶¶ 29-32.  As a result of this conduct, Plaintiff claims she suffered chest pains

and nightmares, causing her doctor order she take two weeks off work. Compl. ¶ 34. As a result, on November 27, 2018, Defendant constructively discharged Plaintiff. Compl. ¶ 35.

### III. Discussion

Defendant moves to partially dismiss Plantiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant asserts the "vast majority" of Plaintiff's Title VII discrimination and hostile work environment claims are time-barred. Def.'s Br., 1. Defendant also seeks to dismiss Plaintiff's §1981 claim to the extent it relies on events occurring more than four years before the Complaint's filing.[3]

In a motion to dismiss, a defendant must prove the plaintiff failed to state a claim. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To plead a claim for relief, a complaint must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). At this stage of litigation, the courts accept all factual allegations in the complaint as true and in a light most favorable to the plaintiff. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002). In determining a motion to dismiss, courts do not accept legal conclusions in the complaint as true, nor do they consider "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to establish elements of a *prima facie* case, a plaintiff must allege facts that "raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)).

---

[3] Defendant also challenges Plaintiff's claims for color discrimination and for liquidated damages relief. Def.'s Br., 1. Plaintiff clarifies she does not seek either of those claims, and the Court will not analyze them. Pl.'s Br., 1.

The Court finds Plaintiff's Title VII discrimination claim is time-barred, her hostile work environment claim fails to state a claim upon which relief can be granted via continuing violation, and any act occurring before December 10, 2015 is time barred from her §1981 claim.

A. Time-Barred Title VII Claims

Defendant moves to dismiss Plaintiff's Title VII claims for discrimination and hostile work environment that occurred more than 300 days before she filed the EEOC Charge.

To timely file a Title VII discrimination claim, the alleged discriminatory employment practice must have occurred within 300 days of the plaintiff's filing of the EEOC Charge of Discrimination. Callowhill v. Allen-Sherman-Hoff Co., Inc., 832 F.2d 269, 271 (3d Cir. 1987). Discrete discriminatory acts that occurred more than 300 days before the EEOC filing, even "if related to acts alleged in [a] timely filed EEOC charge," are not actionable under Title VII. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). A discrete act is "a separate actionable unlawful employment practice; discrete acts include, for example, termination, failure to promote, denial of transfer, or refusal to hire." Mandel v. M&Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013).

While discrete acts are singular events, a hostile work environment claim "is based upon cumulative affect of individual acts, that may not themselves be actionable" and its "very nature involves repeated conduct." Morgan, 536 U.S. at 115. Under the continuing violation doctrine, a plaintiff may aggregate discrete acts to plead a hostile work environment claim, even if some of the acts occurred more than 300 days before the EEOC filing. Mandel, 706 F.3d at 165. To plead a continuing violation, "the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period." Id. at 165-66.

In this case, Plaintiff filed her EEOC charge on May 10, 2019 and alleges several instances of discrimination taking place before the July 14, 2018 cut-off. Compl. ¶¶ 13-32. Accordingly,

Defendant seeks to dismiss any claims of discrimination or retaliation that took place before July 14, 2018—outside the 300-day limitation period. Def.'s Br., 6.

Plaintiff argues her Title VII discrimination allegations constitute a continuing violation as there were a multitude of discriminatory events that created a "persistent, ongoing pattern" of workplace discrimination. Pl.'s Br., 9. She alleges the discriminatory acts against her are "not actionable in and of themselves, but considered together, constitute…a 'continuing violation.'" Pl.'s Br., 8. At issue is whether Plaintiff's allegations of individual and separate acts are actionable under a continuing violation. Contrary to a hostile environment component act, discrete acts are individually actionable and cannot be aggregated. O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006). Even if occurrences of discrimination fall within the statutory period, they "do not make timely acts that fall outside the time period." Morgan, 536 U.S. at 112. Plaintiff's argument that her claims are not discrete acts because they are subject to a continuing violation is therefore misguided. Plaintiff is time barred from alleging a Title VII cause of action for individual acts of discrimination occurring before July 14, 2018.

Defendant also moves to dismiss Plaintiff's Title VII hostile work environment claims as time barred. Title VII hostile work environment claims also require the conduct at issue to occur within 300 days of the EEOC filing. Morgan, 536 U.S. at 117-18. However, a hostile work environment claim can consist of a continuing violation encompassing acts outside the limitation window if Plaintiff shows that all acts which constitute the claim are part of the same unlawful employment practice *and* that at least one act falls within the applicable limitations period. Mandel, 706 F.3d at 165. In this case, at this stage, Plaintiff plausibly alleges numerous acts constituting a pattern of unlawful employment practice before July 14, 2018.

However, Plaintiff fails to plead a plausible claim of an unlawful act within the applicable limitations period. Plaintiff's only assertion of discrimination after July 14, 2018 is "Defendants' harassing and discriminatory conduct continued throughout November 2018." Compl. ¶ 33. This

is not a factual allegation, but a mere legal conclusion, and the Court is not bound to consider legal conclusions in determining a motion to dismiss. Twombly, 550 U.S. at 555. As it stands, the Court cannot accept as true that there was discriminatory conduct between July 14 and November 2018. If Plaintiff seeks to plead a continuing violation, she needs to specify factual allegations to support her claim that Defendant's conduct constituted a hostile work environment within the 300-day statute of limitations.

### B. Time Barred 42 U.S.C. §1981 Claims

Defendant also seeks to dismiss Plaintiff's claims arising under §1981 for conduct that allegedly occurred outside the statute of limitations. The §1981 claims at issue here are subject to 28 U.S.C. § 1658 four-year statute of limitations. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004). Plaintiff's Complaint, filed on December 10, 2019, includes allegations of discrimination from 2013 to November 2015, as well as allegations from November 2015 through November 2018. See Compl. As the statute of limitations for §1981 precludes claims stemming from acts before December 10, 2015, the Court dismisses the §1981 allegations consisting of the alleged acts in paragraphs 13-17 of the Complaint.

### C. Other Claims

The Court acknowledges Plaintiff's withdrawal of claims for color discrimination and liquidated damages and dismisses them with prejudice. Pl.'s Br., 1.

BY THE COURT:

*/s/ John M. Gallagher*        09/02/2020
JOHN M. GALLAGHER
United States District Court Judge