IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| FRANCESCA HEREDIA-CAINES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:19-cv-05815-JMG |
| | : | |
| LEHIGH VALLEY HOSPITAL, INC., | : | |
| Defendant. | : | |

_____

**MEMORANDUM OPINION**

GALLAGHER, J.                                                                                               January 27, 2022

**I.       OVERVIEW**

Plaintiff claims she was subjected to various forms of racial discrimination and retaliation while working as a Customer Service Agent for Defendant and that this discrimination and retaliation caused Plaintiff to experience emotional distress. To prove that she has sustained emotional damages and that those damages were caused by Defendant's conduct, Plaintiff hired Dr. Mark Richardson, Psy.D., to evaluate her and provide an expert opinion. Dr. Richardson had Plaintiff complete a few psychological tests, evaluated Plaintiff via videocall, interviewed Plaintiff's friend and reviewed Plaintiff's complaint and the parties' first set of interrogatories, but Dr. Richardson did not review Plaintiff's medical or therapy records.

Defendant now moves to exclude Dr. Richardson's expert report and to preclude Dr. Richardson from offering expert testimony at trial. Defendant argues Dr. Richardson's failure to review Plaintiff's medical and therapy records, reliance on Plaintiff's self-reporting, and failure to probe certain potential alternative causes of Plaintiff's distress render Dr. Richardson's testimony unreliable. For the reasons discussed below, the Court denies Defendant's motion.

II.     BACKGROUND

The background and procedural history of this case are set forth in detail in the Court's memorandum opinion addressing Defendant's motion for summary judgment. *See Heredia-Caines v. Lehigh Valley Hosp., Inc.*, No. 5:19-CV-05815, 2022 WL 152896, at *1–*4 (E.D. Pa. Jan. 18, 2022).

III.    LEGAL STANDARD

Under the Federal Rules of Evidence, district courts must act as the gatekeepers of expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); FED. R. EVID. 702. Before testimony can reach the jury under the cloak of expertise, the Court must evaluate it for three criteria: qualification, reliability and fit. *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020).

A witness is *qualified* to provide expert testimony only if the witness has "specialized expertise" in the testimony's subject matter. *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). A witness's testimony is *reliable* only if it is founded upon "good grounds." *UGI Sunbury LLC*, 949 F.3d at 834; FED. R. EVID. 702 (requiring that expert testimony be "based on sufficient facts or data" and be derived from "reliable principles and methods" that have been "reliably applied . . . to the facts of the case."). And a witness's testimony *fits* a case only if it would help the trier of fact to understand the evidence or determine a fact in issue. *UGI Sunbury LLC*, 949 F.3d at 835 (quoting FED. R. EVID. 702); *see also United States v. Ford*, 481 F.3d 215, 219 n.6 (3d Cir. 2007) ("[F]it is [primarily] a relevance concern.") (internal quotation marks omitted).

The Rules of Evidence reflect a liberal policy of admissibility, even for expert testimony. *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008). But expert testimony must satisfy the

requirements set out above to be admissible. *UGI Sunbury LLC*, 949 F.3d at 832–33. The burden to establish that each requirement is satisfied by a preponderance of the evidence rests with the party offering the expert testimony. *See Padillas v. Stork–Gamco, Inc.,* 186 F.3d 412, 418 (3d Cir.1999).

## IV.   ANALYSIS

Defendant does not contest that Dr. Richardson is qualified to testify as an expert or that his testimony fits this case. Instead, Defendant argues only that Dr. Richardson's proffered testimony is not reliable. Specifically, Defendant argues Dr. Richardson's proffered testimony is unreliable because he did not review Plaintiff's medical or psychotherapy records, because he relied on Plaintiff's self-reporting, and because he did not adequately consider certain potential alternative causes of Plaintiff's distress.

While these arguments identify weaknesses in Dr. Richardson's proffered testimony that would likely persuade a jury to give the testimony less weight, the Court is not persuaded that any of these weaknesses should prevent Dr. Richardson from testifying.

Fundamentally, an expert's reliability turns on whether the expert's opinion rests on "good grounds." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994). An expert's opinion rests on good grounds so long as the expert relies on the types of facts that other experts in the field would rely upon. *Id.*; *see also* FED. R. EVID. 703. And while an expert opining as to causation must rule out "obvious alternative causes," the expert need not identify and rule out every potential alternative source of causation. *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 156 (3d Cir. 1999).

Here, Dr. Richardson interviewed Plaintiff over the course of four hours and subjected her to four psychological tests that are regularly used by mental health professionals. Dr. Richardson also sought to supplement and corroborate the information he received from Plaintiff by interviewing one of Plaintiff's close friends and by reviewing Plaintiff's complaint as well as the parties' first set of interrogatories. Dr. Richardson also identified multiple potential alternative

3

causes of Plaintiff's distress including Plaintiff's history of trauma, the deaths and illnesses of her family members, the academic and social challenges facing her son, and the stress of non-discriminatory aspects of her work environment. Because Dr. Richardson relied on well-established psychological tests, personally interviewed Plaintiff, made efforts to corroborate Plaintiff's self-reporting, and identified obvious alternative sources of causation, his opinions rest on grounds that are at least good enough to cross the threshold of reliability.

Defendant insists that Dr. Richardson's failure to review Plaintiff's medical and psychotherapy records renders his opinion unreliable. But there is no bright line rule requiring psychological experts to review medical records before reaching an opinion as to a party's mental health or as to the cause of a party's psychological ailments. *See Paoli R.R.*, 35 F.3d at 762 ("[W]e think that there will be some cases in which a physician can offer a reliable differential diagnosis without examining the patient, looking at medical records, taking a medical history, and performing laboratory tests."); ( *El Ansari v. Graham*, No. 17-CV-3963, 2019 WL 3526714, at *5 (S.D.N.Y. Aug. 2, 2019) ("To be clear, the Court does not hold that failure to review medical records renders an expert psychologist's opinion *per se* unreliable.").

And while a medical expert who personally evaluates a plaintiff *and* reviews the plaintiff's medical records will certainly have good grounds for the expert's opinion, courts in the Third Circuit have admitted the testimony of medical experts who have utilized only one of those two modes of inquiry. *See Paoli R.R.*, 35 F.3d at 762 ("[A] physician who evaluates a patient in preparation for litigation . . . should *either* examine the patient *or* review the patient's medical records simply in order to determine that a patient is ill and what illness the patient has contracted.") (emphasis added); *Jama v. Esmor Corr. Servs., Inc.*, No. 97-3093 DRD, 2007 WL 1847385, at *17 (D.N.J. June 25, 2007) ("For a [psychologist's] expert report to be admissible under Rule 703, it is sufficient that he/she examine the patient."); *see also Harris v. Midas*, No. CV

4

17-95, 2019 WL 5294266, at *10 (W.D. Pa. Oct. 18, 2019) (concluding that forensic psychiatrist who had reviewed the plaintiff's medical records could opine as to the plaintiff's emotional distress and its cause despite never having interviewed the plaintiff). Dr. Richardson personally evaluated Plaintiff, and that evaluation gives him good enough grounds to form a reliable opinion.

Defendant also argues that Dr. Richardson's opinions are unreliable because he relied primarily on Plaintiff's self-reporting about her personal and medical history. Defendant further argues that Dr. Richardson's reliance on Plaintiff's self-reporting is particularly problematic because some of her self-reporting is contradicted by record evidence and because some of Plaintiff's test results suggested she could be exaggerating her symptoms. While Defendant's arguments might persuade a jury to give Dr. Richardson's opinion less weight, they do not persuade the Court that Dr. Richardson's testimony should be precluded. Psychologists' training equips them to evaluate the truthfulness and accuracy of an interviewee's self-reporting, so a psychologist's expert report generally remains reliable even when it relies almost entirely on the impressions the psychologist gleans from examining the plaintiff. *Jama*, 2007 WL 1847385, at *17. Defendant has not identified an aspect of Plaintiff's self-reporting so glaringly contradicted by the record and so fundamental to Dr. Richardson's analysis that the Court should treat Dr. Richardson's opinion as unreliable.

Defendant also insists that Dr. Richardson neglected to consider alternative potential causes of Plaintiff's distress. Specifically, Defendant points out that both of Plaintiff's children became involved in serious legal matters around or after the time Plaintiff stopped working for Defendant.[1] Dr. Richardson mentioned these legal matters only in passing in his report, and it appears from his deposition that he did not know much about the nature or severity of these legal matters. But the

---

[1] The details of these legal matters are sealed. ECF Nos. 49, 54. Accordingly, the Court refrains from describing them in detail in this opinion.

Court is not persuaded that Dr. Richardson's failure to probe into these legal matters and address them at length in his report renders his opinion unreliable. A nearly infinite number of events could trigger distress in an individual over the course of a day, much more over the span of time relevant to a given litigation. If courts required psychological experts to have complete knowledge of all the potential stressors in a plaintiff's life before the expert could form an opinion as to causation, few experts would ever have an opportunity to testify, and juries would effectively be deprived of the beneficial aid of expert testimony.

Dr. Richardson was at least aware of Plaintiff's children's legal matters and did identify them as potential alternative sources of causation. And Dr. Richardson did identify and address a variety of other significant potential sources of Plaintiff's distress as well. The Court is satisfied that Dr. Richardson has not simply parroted Plaintiff's theory of causation but has instead engaged in enough evaluation of alternative sources of causation to make his opinion reliable. *Jama*, 2007 WL 1847385, at *20 (finding causation expert's opinion reliable because the expert had not "simply accepted [the plaintiff's] statements" regarding causation but had instead identified potential alternatives and explained the expert's reasoning reasoning). If Dr. Richardson's failure to further probe and evaluate the additional stressors Defendant has identified renders his opinion unpersuasive, then the jury, of course, remains free to find so.

## V. CONCLUSION

Because Dr. Richardson personally evaluated Plaintiff using well-established psychological tests, made efforts to corroborate Plaintiff's self-reporting and identified obvious alternative sources of causation, his opinions are reliable enough under *Daubert* and FED R. EVID. 702 to be presented to a jury. Accordingly, the Court denies Defendant's motion to exclude Dr. Richardson's report and testimony.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge